

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 30, 2024

**By ECF**
Honorable Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

          Re:    *Young v. Merit Sys. Prot. Bd.*, 23 Civ. 11151 (LGS)

Dear Judge Schofield:

      This Office represents Respondent Merit Systems Protection Board ("MSPB" or the "Board") and Intervenor United States Postal Service ("USPS") (collectively, the "Government") in the above-referenced matter, in which Petitioner Blake Young, who appears *pro se*, seeks review of two related MSPB decisions arising from his employment with the USPS—*Young v. United States Postal Service*, MSPB Docket No. NY-0752-17-0024-I-1, 2022 WL 3696854 (Aug. 26, 2022) ("I-1 matter") and *Young v. United States Postal Service*, MSPB Docket No. NY-752S-17-0024-B-1, 2022 WL 17587692 (Dec. 9, 2022) ("B-1 matter").  In the I-1 and B-1 matters, Petitioner challenged the USPS's placement of Petitioner on leave on or about October 25, 2016. *See Young v. MSPB*, 23-1309 (Fed Cir.), Dkt No. 38 at 4, 19; Dkt No. 42 at 3, 31.  We write respectfully to request that the Court adjourn the initial pre-trial conference presently scheduled for May 8, 2024, and that the parties be relieved of the requirement to submit a joint letter and proposed case management plan by May 1, 2024.[1]  We further respectfully request that the Court order Petitioner to file an amended Complaint that comports with Rule 8 of the Federal Rules of Civil Procedure.

      By order dated December 13, 2023, the Federal Circuit transferred this matter to this District after it determined that it lacked jurisdiction over Petitioner's appeals of the I-1 matter and the B-1 matter because they were "mixed cases," in that Petitioner "complained of personnel action serious enough to appeal to the MSPB" and "alleged that the personnel action was based on discrimination." *See* Dkt No. 1.[2]  On March 5, 2025, the Government filed a letter, requesting, *inter alia*, that the Court order Petitioner to file a complaint that complied with Rule 8 of the Federal Rules of Civil Procedure ("Government's Request").  *See* Dkt No. 8.  By order dated March 6, 2024, the Court granted the Government's Request and ordered Plaintiff to "file a Complaint in this matter, consistent with the Federal Rules of Civil Procedure….Failure to do so may result in dismissal for failure to prosecute."  *See* Dkt No. 9.

      On March 27, 2024, Plaintiff filed a four-paragraph handwritten "complaint," in which he alleged: "1. I told or ask to rewrite my claim this it. 2. It explain my case better than I can, or did. 3. This also explain that this order was not obeyed. 4. There was no follow up caused me to be

---

[1] The Government apologizes to the Court for the lateness of this request.
[2] A more complete recitation of the relevant procedural history is set forth in the Government's letter, dated March 5, 2024.  *See* Dkt No. 8.

here" (the "Initial Complaint").  *See* Dkt No. 10 at 10.  Plaintiff further attached to the Initial Complaint documents that appear related to a union grievance based on an event in which he was allegedly placed on emergency placement on April 7, 2016.  *See* Dkt No. 10 at 1-9.  However, as mentioned above, in the I-1 and B-1 matters, Petitioner challenged the USPS's placement of Petitioner on leave on or about October 25, 2016.  *See Young v. MSPB*, 23-1309 (Fed Cir.), Dkt No. 38 at 4, 19; Dkt No. 42 at 3, 31.

While the Government appreciates that the Petitioner filed the Initial Complaint, the Government is presently contemplating filing a motion to dismiss because the Initial Complaint still does not comply with Rule 8 of the Federal Rules of Civil Procedure; it is not a "pleading that states a claim for relief" containing a short and plain statement of the claim showing that the pleader is entitled to relief.  Furthermore, it is unclear which employment action the Petitioner is challenging, given that the I-1 matter and the B-1 matter concerned the alleged placement of Plaintiff on leave on October 25, 2016, while the Initial Complaint attaches documents that appear related to an alleged placement on leave on April 7, 2016.  Given the nature of the Initial Complaint and Petitioner's *pro se* status, the Government respectfully requests that the Court adjourn the initial conference presently scheduled on May 8, 2024, and order Petitioner to file an amended Complaint that complies with the Federal Rules of Civil Procedure.

We thank the Court for its consideration of this submission.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Elizabeth J. Kim*
ELIZABETH J. KIM
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2750
E-mail: elizabeth.kim@usdoj.gov

Application **GRANTED**.  Petitioner shall file an amended complaint by **May 22, 2024**.  The complaint should include a specific explanation of which decisions Petitioner is challenging, what action Petitioner wants the Court to take regarding those decisions and why Petitioner should get that relief.

Petitioner is encouraged to request a consultation with the New York Legal Assistance Group Legal Clinic for Pro Se Litigants, either by calling 212.659.6190 and leaving a message or by completing the online intake form as described on their website, https://nylag.org/pro-se-clinic/.

The initial pre-trial conference scheduled for May 8, 2024 is adjourned to J**une 12, 2024, at 4:20pm**.  The parties shall file the materials described at Dkt. 4 no later than **June 5, 2024**.

Dated: May 1, 2024
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**