```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BLAKE YOUNG,                                                 :
                                              Petitioner,    :   23 Civ. 11151 (LGS)
                        -against-                            :
                                                             :
MERIT SYSTEMS PROTECTION BOARD,                              :
                                              Respondent,    :   OPINION AND ORDER
                                                             :
UNITED STATES POSTAL SERVICE,                                :
                                              Intervenor.:
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

### A. Background

WHEREAS, on December 12, 2022, Petitioner filed a petition in the Federal Circuit seeking review of two decisions of Respondent Merit Systems Protection Board dismissing for lack of jurisdiction Petitioner's challenge to his suspension from his job for one day in October 2016. On December 13, 2023, the Federal Circuit transferred the action to this Court as a "mixed case" alleging adverse employment action by a federal agency in violation of antidiscrimination laws. *See Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017) ("[I]n mixed cases" where the employee alleges disciplinary action "prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws, the district court is the proper forum for judicial review.").

WHEREAS, on March 27, 2024, pro se Petitioner filed a Complaint in this Court seeking enforcement of an attached arbitration decision (the "Decision") in Petitioner's favor to recover damages for lost pay and other compensation arising from Petitioner's suspension from work for one day in April 2016.

WHEREAS, on May 21, 2024, pro se Petitioner filed what was construed as a first amended complaint (the "FAC") seeking to enforce the Decision which Petitioner alleges "clearly exonerate[s him] of all charges that led to [his] six suspensions between December 16, 2011, and April 2017." The FAC references Petitioner's racism charges but states that Petitioner is willing to withdraw them.

WHEREAS, the Decision, which is the subject of this enforcement action, appears to be a determination in an arbitral grievance proceeding by Petitioner's union (the "Union") on his behalf against the United States Postal Service ("USPS").[1] The issue was whether USPS management had just cause to suspend Petitioner from his job with USPS on April 7, 2016. The Decision finds that Petitioner's grievance had merit because management had failed to sustain its burden of showing just cause for Petitioner's April 2016 suspension and that he should be made whole for lost hours, wages and benefits for the period of his suspension.

WHEREAS, Respondent and Intervenor (together, "the Government") have moved to dismiss the FAC asserting that this Court lacks subject matter jurisdiction to enforce the Decision for two reasons: (1) it was not a final, binding arbitration award as Petitioner failed to exhaust the required grievance procedures and (2) Petitioner lacks standing to enforce the Decision, which must be enforced by the Union absent allegations of inadequate representation. The Government moves to dismiss the discrimination claim for failure to plead the necessary facts to state a claim.

---

[1] The Decision can be considered at this stage because it is incorporated by reference in the FAC, and the FAC relies heavily on its effect, even though the Decision was attached only to the original complaint. *See Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025) ("A plaintiff may incorporate allegations in the complaint by reference to another document and where the complaint relies heavily upon its terms and effect, the document is integral to the complaint."). Additionally, while the original complaint had two attachments, both documents appear to be the same grievance findings, although the first iteration of the Decision omits its first page.

WHEREAS, 39 U.S.C. § 1208(b) provides federal court jurisdiction over "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees," and is the sole basis for any jurisdiction over Petitioner's claim to enforce the Decision.  *See Nat'l Ass'n of Letter Carriers, AFL-CIO v. Sombrotto*, 449 F.2d 915, 918 (2d Cir. 1971); *accord Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, No. 18 Civ. 11027, 2019 WL 6170056, at *2 (S.D.N.Y. Nov. 20, 2019).  Although this statute "does not expressly provide for enforcement of arbitration awards, this provision is the analogue of section 301(a) of the Labor Management Relations Act, which does provide such authority."  *Am. Postal Workers Union*, 2019 WL 6170056, at *2 n.1.  Before a federal claim is permitted, "a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention."  *Id.* at *2.

WHEREAS, it is well established that "pro se submissions are reviewed with special solicitude and must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).[2]  But "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc*., No. 22 Civ. 1138, 2023 WL 5211054, at *5 (S.D.N.Y. Aug. 13, 2023).

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

B. **Standing to Enforce the Decision**

WHEREAS, as explained below, this Court lacks authority to adjudicate this case because Petitioner lacks standing.[3]

WHEREAS, federal courts, unlike state courts, have only limited jurisdiction, meaning that federal courts have authority to hear only certain cases as defined by the Constitution and federal statute. *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). It is "axiomatic that federal courts may not decide cases over which they lack subject matter jurisdiction[,]" and so courts must address issues of subject matter jurisdiction before reaching other issues. *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 208 (2d Cir. 2024).

WHEREAS, this Court lacks subject matter jurisdiction because Petitioner lacks standing to enforce the Decision. He lacks standing because he was not a party to the arbitration, which was brought by the Union against his employer. "If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d Cir. 1994); *accord Joyce v. Consol. Edison Co. of New York, Inc.*, No. 24-931, 2025 WL 303386, at *1 (2d Cir. Jan. 27, 2025). *Joyce* recently reaffirmed this principle, dismissing a similar challenge for lack of standing. There, the plaintiff was not a party to the arbitration and raised no claim that the union had failed to represent him fairly. *Joyce*, 2025 WL 303386, at *1. Without an unfair

---

[3] The Government's argument that the Court lacks subject matter jurisdiction because the Decision is non-final is not addressed because the argument relies exclusively on out-of-circuit decisions, while in contrast, the standing issue is clearly determined by Second Circuit caselaw. There is no mandatory sequencing of jurisdictional issues. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *accord Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 8 (2023) (Thomas, J., concurring).

4

representation claim, an individual union member cannot step into the shoes of the union to challenge the outcome.

WHEREAS, as is evident in the Decision, Petitioner was represented by the Union in the arbitration and was not himself a party. Petitioner does not claim the union breached its duty of fair representation to him. Petitioner therefore does not have standing to bring a claim to enforce the Decision; only the Union may do so. It is hereby

**ORDERED** that, for the foregoing reasons, the Government's motion to dismiss is **GRANTED**. The petition to enforce the Decision is dismissed for lack of subject matter jurisdiction. To the extent a discrimination claim is alleged, it is dismissed because it was withdrawn, and alternatively, for failure to state a claim.

Petitioner may seek leave to file a Second Amended Complaint to revive his petition to enforce the Decision if he can allege facts that would show that the Union breached its duty of fair representation. Such facts must describe specific ways in which the Union breached its duty, including details of how the Union acted arbitrarily, discriminatorily or in bad faith when it represented Petitioner in his grievance. *See Young v. U.S. Postal Serv.*, 907 F.2d 305, 308 (2d Cir. 1990); *accord Greene v. St. Barnabas Hosp.*, 727 F. App'x 21, 23 (2d Cir. 2018).

Petitioner may seek leave to file a Second Amended Complaint to revive his discrimination claim if he can allege facts showing that he was suspended because of his race. Such facts must state the date of the suspension, and facts supporting an inference that discriminatory animus was the cause of the suspension -- for example, racist remarks by the person who suspended him, or the failure to suspend someone not of Petitioner's race in the same circumstances. In the former case, the facts would include the date of the suspension, the substance of the racist remark, who made it, their relationship to Petitioner's suspension and

when the remark was made.  In the latter case, the facts would include the race of the comparator, a description of the circumstances similar to Petitioner's, and the discipline imposed.  Or Petitioner may include any other facts that he believes show racial animus as the motivation for his suspension.

      Federal Rule of Civil Procedure 15(a)(2) directs that a "court should freely give leave [to amend a pleading] when justice so requires."  Denial of leave to amend is proper if amendment would be futile.  *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024).  Ultimately, it is "within the sound discretion of the court whether to grant leave to amend."  *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994); *accord Hartmann v. Popcornflix.com LLC*, 690 F. Supp. 3d 309, 321 (S.D.N.Y. 2023).

      By May 30, 2025, if Petitioner wishes to seek permission to file an amended complaint, he shall file a letter on the docket explaining the additional facts to be alleged.  If Petitioner determines that he cannot in good faith allege facts that would support standing or racial discrimination, or for any reason does not file such a letter, the petition to enforce the Decision will be dismissed without prejudice, and the racial discrimination claim will be dismissed with prejudice.  Dismissal without prejudice means that Petitioner may attempt to bring the same claim in another action.

      The Clerk of Court is respectfully directed to close the motion at Dkt. No. 29 and to mail a copy of this Opinion to pro se Petitioner.

Dated: April 30, 2025
      New York, New York

                                                                LORNA G. SCHOFIELD
                                                            UNITED STATES DISTRICT JUDGE